UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEMOND HARRIS,

    Plaintiff,

vs.

Case No.

CITY OF LA CROSSE, LA CROSSE
POLICE OFFICERS GRAHAM EDDY,
CRAIG TEFF AND SAM CLASON,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Demond Harris, by his attorneys, Davey & Goldman, by Lisa C. Goldman and Bruce M. Davey, and as and for his complaint alleges and shows the court as follows:

### NATURE OF THE CLAIM

1. Plaintiff, Demond Harris, brings this civil rights action under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, pursuant to 42 U.S.C § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of Wisconsin, regarding actions on February 28, 2020, located at West Avenue and Cass Street, La Crosse, Wisconsin.

2. Defendants LA CROSSE POLICE OFFICERS GRAHAM EDDY, CRAIG TEFF, AND SAM CLASON, upon information and belief are and were at all times herein police officers within the La Crosse Police Department, employed by and authorized to act on behalf of the City of La Crosse.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs, and any such additional relief as the Court deems proper because defendant City of La Crosse did not properly train its officers on the limitations the Constitution clearly places on police officers from using excessive force.

## JURISDICTION

4. This Court has jurisdiction pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343(3) and (4) as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

## VENUE

6. Venue is proper in the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

8. Plaintiff, Demond Harris, is a citizen of the United States, and was at all times relevant herein an adult resident of the County of La Crosse, City of La Crosse, State of Wisconsin residing at 1708 Winnebago St., La Crosse, WI 54601.

9. Defendant, City of La Crosse is a municipal corporation, authorized under and created by the laws of the State of Wisconsin. It is authorized by law to maintain and operate a Police Department. Through its agents, supervisors, operating officers, Council, Departments, Commissions, Boards and Committees, its high-level policy makers, Defendant City La Crosse

establishes, promulgates and implements the policies of the La Crosse Police Department, with regard to hiring, training, supervision and discipline of the employees, officers and agents of the Department.

10. Defendants LA CROSSE POLICE OFFICERS GRAHAM EDDY, CRAIG TEFF, AND SAM CLASON, upon information and belief, are and at all times herein were, employees of the Defendant City of La Crosse, acting under color of law and their authority as police officers, employees, and servants pursuant to the municipal customs, policies and practices of Defendant City of La Crosse, acting through the La Crosse Police Department. Each of the defendant officers is sued in his/her individual capacity, and each acted under color of law and in the scope of his/her employment engaging in the actions alleged in this Complaint.

11. At all times relevant herein, each of the individual defendants violated rights clearly established under the Constitution of the United States, in particular under the Fourth and Fourteenth Amendments, of which reasonable police officers and/or police supervisors acting under their respective circumstances would have known.

## STATEMENT OF FACTS

12. On February 28, 2020, at approximately 7:25 p.m. Defendant Officer Eddy drove by Plaintiff Demond Harris's home at 1708 Winnebago St. and noticed a vehicle belonging to Mr. Harris' partner, Misty Martin, and frequently used by Mr. Harris parked and running in front of Mr. Harris' house. Officer Eddy parked a short distance away from the house and continued to watch the vehicle.

13. Officer Eddy saw Mr. Harris exit his home and enter his partner's vehicle. As Officer Eddy drove toward the vehicle, he activated his left alley light, and confirmed that Mr. Harris was driving the vehicle. Mr. Harris then drove the vehicle after officer Eddy passed him.

14. Officer Eddy turned around, caught up to Mr. Harris and stopped his vehicle with the intent to issue two municipal citations for conduct that allegedly occurred several days earlier involving a dispute with Mr. Harris' neighbor. It should be noted Officer Eddy was not the responding officer to the neighbor dispute incident. Rather, Officer Eddy knew of Mr. Harris from Officer Eddy's brother, Justin Eddy, who had been the responding officer to the neighbor dispute and knew that the municipal citations were in the La Crosse Police Department system.

15. Officer Eddy chose to stop Mr. Harris's vehicle rather than serve the citations at his home or by mail pursuant to Wisconsin Statute.

16. Admittedly, Officer Eddy did not have reasonable suspicion or probable cause that Mr. Harris had violated, or was about to violate, a municipal ordinance, traffic or otherwise, or state law when he stopped Mr. Harris' vehicle.

17. Officer Eddy approached Mr. Harris' vehicle and rather than issue the municipal citations he asserted as the basis for his stop, he demanded Mr. Harris exit his vehicle and asserted he smelled marijuana in the vehicle.

18. Officer Eddy's assertion of a marijuana smell was false and merely a rouse.

19. No marijuana was found in the vehicle. No marijuana was found on Mr. Harris. No evidence of marijuana or any other drug was found anywhere in the vehicle or on Mr. Harris, even after Officer Eddy insisted on arresting Mr. Harris, subjecting him to a strip search at the jail, and a 12 hour hold at the jail to check his feces.

20. Notably Officer Eddy never conducted field sobriety testing or demand a blood draw under the assertion that Mr. Harris was operating a motor vehicle while under the influence of marijuana. Therefore, Officer Eddy's assertion of the presence of marijuana was a lie.

21. While Officer Eddy interacted with Mr. Harris at his vehicle, Officer Clason and Sgt. Teff arrived to assist with the traffic stop and extension of the stop.

22. Mr. Harris exited his vehicle, and all three officers grabbed him to place him under arrest, extending the stop unlawfully.

23. The officers threw Mr. Harris to the ground, tasered him, and two of the three officers kneeled on Mr. Harris' upper back, blocking his ability to breathe.

24. When Mr. Harris said he could not breathe, one of the officers told him "If you are talking, you can breathe."

25. All of the force the officers used was unreasonable and excessive under the circumstances and in violation of Mr. Harris' constitutional rights.

26. Specifically, Mr. Harris began recording the officers on his cell phone when he exited the vehicle which annoyed the officers.

27. Officer Clason threw Mr. Harris to the sidewalk.

28. Mr. Harris stayed on his knees once being thrown to the ground.

29. Sgt. Teff then tasered Mr. Harris while he was on his knees.

30. Two of the three officers then knelt on Mr. Harris' back, cutting off his ability to breathe.

31. Once handcuffed, the officers searched Mr. Harris' vehicle and did not find any evidence of marijuana or any evidence of any illegal substances or conduct.

32. The officers took Mr. Harris to the La Crosse County Jail and asked the staff at the jail to strip search Mr. Harris alleging he thought Mr. Harris swallowed a controlled substance.

33. The jail did strip search Mr. Harris and placed him in a padded holding cell alone until he defecated to check his feces for controlled substances. None were found.

34. Mr. Harris was placed on a 12 hour hold at the jail, placed in a suicide smock for the entire time of his hold, causing him unnecessary suffering.

35. Officer Eddy cited Mr. Harris for the criminal charge of resisting an officer.

36. All criminal charges were dismissed.

37. Knowing that its police officers would be faced with the decision as to whether to stop a vehicle, to extend a stop, to taser a non-violent individual, or to kneel on an individual's back cutting off their ability to breathe when serving that individual with a municipal citation or investigating that individual for marijuana possession, Defendant City of La Crosse failed to implement a training policy consistent with the Fourth amendment, to ensure that officers know the constitutional bounds of the Fourth Amendment. This was a direct cause of Defendants believing they could use excessive force because the suspect was videotaping them and non-violent in his interactions with them.

38. Any reasonably well-trained officer in the United States would know he cannot initiate a traffic stop to serve a municipal citation for conduct that did not occur within his presence, would know he cannot extend a traffic stop without probable cause of criminal conduct and cannot use force when none is warranted. At the time officers tasered Mr. Harris and knelt on his back forcefully with no sign of hostility from Mr. Harris, and twisted his limbs unnecessarily causing Mr. Harris pain and suffering, all officers aware Mr. Harris had nothing in his hands, and was not a physical danger to any officer and was not fighting the officers in any manner.

39. As a result of the above-described conduct, and in violation of his constitutional rights, defendant Officers caused Mr. Harris to incur pain, suffering, injury, emotional distress, and humiliation.

40. At all times herein, the force and threat of force used by the Defendants, acting in concert, jointly and severally with the other individual defendants was unnecessary, excessive, and unreasonable.

41. The above Defendants did participate, condone, assist and/or act in concert in the foregoing wrongful conduct that resulted in the unlawful seizure, use of unreasonable and excessive force, and/or did fail to intervene to prevent the foregoing unreasonable and unlawful acts so as to protect Mr. Harris from the excessive, unreasonable and wrongful acts of other Defendant police officers.

42. The individual Defendants' acts and omissions described above, all while acting under color of law and pursuant to customs, policies and/or practices of the City of La Crosse through its police department, and were unreasonable, excessive, and performed in violation of Mr. Harris' rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

43. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff Harris has sustained the following injuries and damages, among others:

    a. Physical injuries to his body;

    b. Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

    c. Deprivation of liberty and property.

## CLAIMS

### CLAIM I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
### INDIVIDUAL CAPACITY
### FALSE ARREST / FALSE IMPRISONMENT

44. Plaintiff incorporates by reference the allegations set forth in the prior paragraphs, as if fully set forth herein.

45. At all times herein, Defendants confined Mr. Harris, through the stop of his vehicle, arrest, involuntarily and against his will, and in the La Crosse County Jail, forcing him to remain even though he was not under suspicion of any wrong-doing.

46. Once Mr. Harris was falsely arrested, defendants intentionally falsely imprisoned him, thereby depriving him, against his will and without lawful authority, of his personal liberty and freedom of movement, using actual physical force and the threat of force, and subjecting him to an invasive strip search.

47. The defendants' acts and conduct described above did violate the Plaintiff's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution. The false arrest and false imprisonment of the Plaintiff and other forms of unreasonable seizure of the Plaintiff was undertaken by the defendants in the complete absence of probable cause to do so.

48. This aforementioned unlawful arrest and imprisonment occurred pursuant to and under the direct supervision of Defendant City of La Crosse.

49. As a direct and proximate result of the acts and conduct of the defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

a. Physical injury;

b. Deprivation of liberty;

c. Emotional and psychological injury, including but not limited to anxiety and depression;

d. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

## CLAIM II
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – ALL LA CROSSE POLICE OFFICERS

50. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

51. At all times material hereto, Defendants La Crosse Police Officers had a legal duty to use only the amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons. Further, Defendants had a legal duty to use no force with a cooperating citizen.

52. While in contact with Mr. Harris, defendant officers deliberately and intentionally struck Mr. Harris' body with a taser, threw him to the ground, kneeled on his back cutting off his oxygen supply, and twisted his limbs excessively.

53. Defendants' intentional use of force created a likelihood of bodily injury.

54. Mr. Harris posed no immediate threat to the safety of Defendants or others. Defendants knew Mr. Harris was cooperating while conversing with several officer and that Harris never threaten defendants in any manner.

55. Under the circumstances, Defendants' use of non-deadly force was excessive and unconstitutional.

56. By their actions, Defendants deprived Mr. Harris of the clearly established right to be free from force which was excessive under the circumstances, in violation of his rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

57. At all times material hereto, Defendants had a legal duty to use only the amount and degree of force in the communication with members of the public in the investigation of possible criminal conduct by as was reasonable under the circumstances.

58. Defendants easily could have affected Mr. Harris' compliance by properly speaking to him calmly and explaining to him the reasons for the request to exit his vehicle and to handcuff and detain him once out of his vehicle.

59. Instead of using the above methods, Defendants physically harmed Mr. Harris' body and caused Mr. Harris pain and suffering.

60. As a direct, foreseeable, and proximate result of the acts and conduct of Defendants, plaintiff Harris has sustained the following injuries and damages, among others:

   a. Physical injury;

   b. Deprivation of liberty;

   c. Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**CLAIM III**
**42 U.S.C. 1983 – <u>MONELL</u> CLAIM**
**AS TO DEFENDANT CITY OF LA CROSSE**

61. Harris incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

62. At all times herein the Defendant City of La Crosse established, promulgated, implemented and maintained customs, policies and/or practices, with regard to the La Crosse Police Department.

63. Defendant City of La Crosse is liable under *Monell* for failing to ensure its officers would abide by the fourth Amendment rights to the citizens with which they come into contact, showing deliberate indifference to the rights of citizens like Mr. Harris.

64. At all times herein Defendant City of La Crosse established, promulgated, implemented and maintained the following customs, policies and/or practices:

   a. Inadequately training, supervising and/or disciplining its police officers and supervisors, Defendant City of La Crosse knew, or about whom were on actual notice, who used or had been known to use excessive and unreasonable practices with regard to the execution of investigations;

   b. Inadequately training, supervision and/or disciplining those police officers and supervisors' Defendant City of La Crosse knew, or about whom were on actual notice, who used or had been known to undertake and engage in unlawful, unreasonable and excessive seizures of others;

   c. Inadequately training, supervising and/or disciplining its police officers and supervisors, with regard to the circumstances and procedures under which to undertake traffic stops and extensions of traffic stops;

   d. Inadequately training, supervising and/or disciplining its police offices and supervisors, with regard to the circumstances and procedures under which to employ physical force such as use of tasers, body slamming, and battery of a citizen;

65. Each of the above policies of inadequate training, supervision, and discipline of the individual defendants and others, was known to the defendant City of La Crosse as highly likely and probable to cause violations of constitutional rights of members of the public in general and the Plaintiff herein, in particular.

66. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, plaintiff has sustained the following injuries and damages, among others:

   a. Physical injury;

   b. Deprivation of liberty;

   c. Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

## CLAIM IV
## 42 U.S.C. 1983 – FAILURE TO INTERVENE
## ALL LA CROSSE DEFENDANT POLICE OFFICERS

67. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

68. At all times material hereto Defendants, City of La Crosse police officers, had a legal duty to use the amount of force reasonable under the circumstances and none with a citizen causing no harm.

69. At all times material hereto Defendants had a legal duty when present to intervene to prevent other law enforcement officers from infringing on the constitutional rights of citizens.

70. Defendants failed to intervene while other La Crosse Police Officer Defendants used excessive force on Plaintiff.

71. Defendants had a realistic opportunity to intervene and prevent harm from occurring but failed to do so.

72. Defendants knew at the time that Plaintiff was not alleged to have harmed anyone, and that Plaintiff was calm and cooperative.

73. As a direct and proximate result of the acts and conduct of Defendants, plaintiff has sustained the following injuries and damages, among others:

   a. Physical injury;

   b. Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

## CLAIM V
## INDEMNIFICATION

74. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

75. Wisconsin law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  See Wis. Stat. § 895.46.

76. The Defendant Officers are or were employees of the City of La Crosse Police Department and acted within the scope of their employment in committing the misconduct described herein.

## RELIEF REQUESTED

Wherefore, Plaintiff Harris demands the following relief jointly and severally against all Defendants in a monetary amount a jury deems reasonable and:

   a. A declaration that Defendants violated the federal rights of Plaintiff;

b. Compensatory damages for the physical, emotional, economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

c. Punitive and exemplary damages as to the individual defendants to the extent allowable by law;

d. Attorney fees and costs as allowed, pursuant to 42 U.S.C. § 1988; and

e. Such other and further relief as appears just and proper.

Dated: January 27, 2023

                                            DAVEY & GOLDMAN

                                                /s/ Lisa C. Goldman
Lisa C. Goldman, SBN 1029893
Davey & Goldman
5609 Medical Circle, Suite 101
Madison, WI 53719
(608) 630-9700 (telephone)
(608) 205-5645 (facsimile)
lgoldman@daveygoldman.com (email)

Attorneys for Plaintiff